IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:13-CV-3771-L** |
| ROGER SPALDING, CHELSEA SPALDING, and ERIK SPALDING, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Joint Motion for Entry of Final Judgment and Order of Disbursement ("Motion for Final Judgment"), filed November 8, 2013; and the Joint Motion for Default Judgment Against Roger Spalding ("Motion for Default Judgment"), filed January 14, 2014 (collectively, "the Motions"). For the reasons stated herein, the court **grants** the Joint Motion for Entry of Final Judgment and Order of Disbursement, and the Joint Motion for Default Judgment Against Roger Spalding.

**I.   Factual Background**

Although the Motion for Final Judgment was filed first, the court addresses the Motion for Default Judgment first, as it must be ruled on before the court can issue a final judgment. As the parties are aware, this action was filed as an interpleader by Plaintiff United of Omaha Life Insurance Company ("United of Omaha" of "Plaintiff") on September 17, 2013, because of conflicting demands made by Chelsea Spalding and Erik Spalding, on the one hand, and Roger Spalding, on the other hand, with respect to two insurance policies held by Marsha Spalding, deceased. Because United of Omaha was in doubt as to whom the disputed funds should be paid

**Memorandum Opinion and Order – Page 1**

and did not wish to incur multiple liability, it filed this action and deposited $200,000, the proceeds of the two insurance policies into the court's registry (hereafter the "Fund") on September 19, 2013. The Motions and the Original Complaint for Interpleader ("Complaint") state that Marsha Spalding designated Chelsea Spalding as the primary beneficiary and Erik Spalding as the secondary beneficiary.

Further, according to the Complaint, on April 24, 2013, Marsha Spalding purportedly changed her primary beneficiary on the two policies to Roger Spalding, her husband, and the form making the purported change listed Chelsea Spalding as the secondary beneficiary on the policies. Chelsea and Erik Spalding contend that the April 24, 2013 beneficiary designation was the product of fraud and undue influence. They contend that one or both of them are the proper beneficiaries of the proceeds of the two policies. Counsel for Chelsea and Erik Spalding executed a Waiver of Service of Summons for each of them on September 20, 2013. Chelsea and Erik Spalding filed their answer to the Complaint on October 18, 2013.

On October 7, 2013, Roger Spalding was served personally with a copy of the Summons and Complaint. Roger Spalding has not filed an answer to or otherwise defended against the Complaint. Prior to being served, Roger Spalding was forwarded a Request for Waiver of Service of Summons by certified and regular mail by United of Omaha's counsel, Mr. Kevin J. Cook. The correspondence also included a copy of the Complaint. Mr. Spalding responded to Mr. Cook and stated in part, "[W]ith all due respect, I will not sign this document." The letter also concluded with the statement, "So I will not be making it easy for anyone." The court received an envelope that contained several letters from Mr. Spalding on January 29, 2014.* The correspondence

---

*The court **directs** the clerk of court to file the correspondence that it received on January 29, 2014, as well as the envelope containing the correspondence.

**Memorandum Opinion and Order – Page 2**

included: a cover letter addressed to the court, dated January 24, 2014; a letter, dated January 16, 2013, which apparently has the wrong year and should have been dated January 16, **2014**, because this action was not filed and assigned to the court until September 17, 2013; a letter dated January 15, 2014, in which Mr. Spalding states in part, "Like I have stated in prior correspondence, I really do not care what some judge rules on the claim. It's a moot point."; and a letter dated October 7, 2013, from Mr. Spalding to Mr. Cook in which Mr. Spalding states why he will not sign the Request for Waiver of Service.

On November 5, 2013, United of Omaha requested the clerk to enter a default against Roger Spalding because he did not answer, defend, or otherwise respond to the Complaint. The clerk of court entered a default against Roger Spalding on the same day. The court, based upon the evidence in the record, also finds that Mr. Spalding is not an infant, a mentally incompetent person, or a member of the United States military.

On January 23, 2014, the court issued an order stating that it had determined that a "default judgment should be entered against Roger Spalding" but that some additional information was needed before it could enter a final judgment and order disbursement of the proceeds of the policies. Order 1. The court's order set forth the additional information needed from Chelsea and Erik Spalding, and they provided the requested information on January 27, 2014.

**II.   Discussion**

      **A.   Motion for Default**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Roger

**Memorandum Opinion and Order – Page 3**

Spalding. Plaintiff, Chelsea Spalding, and Erik Spalding (the "Movants") now request the court to enter a final default judgment against Roger Spalding.

Roger Spalding, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Roger Spalding is in default and that Chelsea and Erik Spalding are entitled to the proceeds of the two insurance policies made the basis of this action. Further, the court, based on Roger Spalding's conduct and statement, determines that the default by him is an intentional failure to answer or otherwise defend. *See Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992). Finally, based on the applicable facts and law, the court concludes that Movants are entitled to a default judgment against Roger Spalding.

### B. Motion for Final Judgment

The court determines that a default judgment will be entered against Roger Spalding. Movants have agreed to the allocation and disbursement of the proceeds of the two insurance policies. The court, after receiving additional information, accepts Movants' requested allocation and disbursement of proceeds of the two policies held by Marsha Spalding and makes the following findings:

1. The court **finds** that United of Omaha is entitled to an award of reasonable and necessary attorney's fees and expenses of $2,500 for the filing and prosecution of this interpleader action.

2. The court **finds** that Chelsea Spalding and Erik Spalding are entitled to the balance of the Fund and all accrued interest since September 19, 2013, less any amount for attorney's fees and expenses of litigation.

Further, based upon the findings and determinations regarding the Motions the court **orders** that:

1. United of Omaha is **dismissed with prejudice** as to any further liability to Defendants Chelsea Spalding, Erik Spalding, and Roger Spalding with respect to the payment of life insurance benefits on the life of Marsha Spalding as described in the Complaint.

2. Chelsea Spalding and Erik Spalding are **dismissed with prejudice** as to any potential liability to Roger Spalding with respect to the payment of life insurance benefits on the life of Marsha Spalding as described in the Complaint. Roger Spalding, as well as his agents and attorneys, **is permanently enjoined and prohibited** from initiating and pursuing any other or further proceedings in state or federal court, or in any other forum, against Chelsea Spalding or Erik Spalding for the recovery of the life insurance benefits on the life of Marsha Spalding at issue in this action or relating to the payment of the life insurance proceeds made the subject of this action.

3. Chelsea Spalding, Erik Spalding, and Roger Spalding, as well as their agents and attorneys, **are hereby permanently enjoined and prohibited** from instituting or pursuing any other or further proceedings in state or federal court, or in any other forum, for the recovery of the life insurance benefits on the life of Marsha Spalding at issue in this action or relating to the payment of the life insurance proceeds made the subject of this action.

4.    The clerk of the court **shall pay $2,500** out of the Fund to United of Omaha, by issuing a check payable to United of Omaha Life Insurance Company and mailing it to Kevin Cook, Payne & Blanchard, LLP, 717 N. Harwood, Suite 3350, Dallas, Texas 75201.

5.    The clerk of court **shall pay** the balance of the Fund and all accrued interest on the Fund to the Trust Account of Sanders, O'Hanlon & Motley, PLLC, 111 S. Travis St., Sherman, Texas 75090, by issuing a check payable to said Trust Account and mailing it to J. Michael Young, Sanders, O'Hanlon & Motley, PLLC, 111 S. Travis St., Sherman, Texas 75090. Attorney J. Michael Young is responsible for distributing these proceeds to Chelsea Spalding and Erik Spalding, after deduction of applicable attorney's fees and expenses pursuant to their Retainer Agreement with their counsel.

### III. Conclusion

For the reasons herein set forth, the court **grants** the Joint Motion for Entry of Final Judgment and Order of Disbursement, and the Joint Motion for Default Judgment Against Roger Spalding. Accordingly, the court **dismisses with prejudice** this action. The allocation, disbursement and payment of the insurance proceeds of the two life insurance policies on Marsha Spalding **shall be made** in accordance with the determinations previously set forth herein by this court. The court, pursuant to Federal Rule of Civil Procedure 58, will issue a judgment by separate document.

**It is so ordered** this 7th day of February, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge